IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-00084-F

| | |
|---|---|
| LUKISHA PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF WINTERVILLE, CHIEF OF | ) |
| WINTERVILLE POLICE BILLY WILKES, | ) |
| in his individual and official capacity, and | ) |
| OFFICER HIGNITE, in his individual and | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the defendants' Motion to Dismiss or, in the alternative, Motion for a More Definite Statement [DE-9]. The matter has been fully briefed and is ripe for ruling. For the reasons outlined below, the motions are DENIED.

**RELEVANT BACKGROUND**

On April 10, 2014, Plaintiff Lukisha Pittman filed suit against the defendants for various claims arising out of an April 10, 2011 incident where Ms. Pittman was arrested by Defendant Officer Hignite. *Id.* at 2. On May 12, 2014, the defendants removed the matter to this court pursuant to 28 U.S.C. § 1441. *See* Notice of Removal [DE-1]. Over four months later, on September 15, 2014, the defendants filed the present motion to dismiss based primarily on the plaintiff's failure to serve process on Defendants Chief Wilkes and Officer Hignite and improper service on Defendant Town of Winterville. *See* Motions to Dismiss [DE-9] at 2.

Plaintiff's counsel opposes dismissal on two grounds: (1) that counsel for the parties had been in communication for more than one year before the defendants made any mention of improper service, justifying an extension of time in which to effectuate service; and (2) that the motion to dismiss was untimely filed, pursuant to Federal Rule of Civil Procedure 81(c)(2). *See* Plaintiff's Response to Defendants' Motion to Dismiss [DE-13] at 2. The plaintiff's response does not otherwise argue that service had been properly effectuated.

## DISCUSSION

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process (or waiver of service) is ordinarily required for courts to exercise jurisdiction over named defendants. *Id.* Indeed, Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule also mandates extending the time for service if the plaintiff shows "good cause for the failure." *Id.*

The plaintiff does not argue that service was properly effectuated. Instead she argues that either (1) an extension of time to effectuate service is warranted given the defendants' longstanding knowledge of this suit; or (2) the motion to dismiss was untimely filed, pursuant to Federal Rule of Civil Procedure 81(c)(2). *See* Plaintiff's Response to Defendants' Motion to Dismiss [DE-13] at 2.

The Supreme Court of the United States has already discussed and disposed of the latter argument. *See Murphy Bros.*, 526 U.S. at 354-56. Under the Federal Rules of Civil Procedure, "[a] defendant who did not answer before removal must answer or present other defenses or

2

objections under these rules within the *longest* of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief . . . ." Fed. R. Civ. P. 81(c)(2) (emphasis added). The Supreme Court found that "Rule 81(c) sensibly has been interpreted to afford the defendant at least 20 days after service of process to respond." *See Murphy Bros.*, 526 U.S. at 355 (citing *Silva v. City of Madison*, 69 F.3d 1368, 1376-77 (7th Cir. 1995)).[1] The Supreme Court further agreed with the Seventh Circuit that "the 'service or otherwise' language was not intended to abrogate the service requirement for purposes of Rule 81(c)." *Id.* Therefore, the motion to dismiss was timely filed.

The defendants contend that the plaintiff's former argument—that an extension of time to effectuate service is warranted—should be construed as an argument that the defendants waived their right to object to the lack of proper service. *See* Reply to Plaintiff's Response to the Motion to Dismiss [DE-17] at 3. However, an extension of the time to effectuate service is allowed by Rule 4(m) as an *alternative* to dismissing suit without prejudice. *See* Fed. R. Civ. P. 4(m). It is not a waiver argument. Furthermore, because the complaint was filed exactly three years from the date of the incident, dismissing the complaint without prejudice would have the likely effect of dismissing the complaint *with* prejudice. That is, the statute of limitations would likely bar the majority, if not all, of the plaintiff's claims if the complaint is refiled. *See* N.C. Gen. Stat. § 1-52. While procedural limitations such as the statute of limitations exist for valid and necessary reasons, the court is reluctant to bar the plaintiff's claims on procedural grounds where an alternative solution is permitted. Therefore, the court will extend the deadline to file service until 5 P.M. on June 26, 2015. The defendants' Motion to Dismiss is therefore DENIED.

The defendants have alternatively moved for a more definite statement. Courts should deny motions for a more definite statement "when the complaint conforms to [Federal Rule of

---

[1] The 2009 Amendments to Rule 81 revised the time to respond from 20 days to 21 days.

Civil Procedure 8] and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer." *Stillwagon v. Innsbrook Golf & Marina, LLC*, No. 2:13-CV-18-D, 2013 WL 2456546, at *1 (E.D.N.C. June 6, 2013) (quoting *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973)) (alteration in original). The court has reviewed the complaint and finds that it satisfies the requirements of Rule 8. The defendants' Motion for a More Definite Statement is therefore DENIED.

## CONCLUSION

The defendants' Motion to Dismiss or, in the alternative, Motion for a More Definite Statement [DE-9] is DENIED. The court will extend the deadline for the plaintiff to file service on all of the defendants until 5 P.M. on June 26, 2015.

SO ORDERED.

This, the 3rd day of June, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge