IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-00084-F

| | |
|---|---|
| LUKISHA PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF WINTERVILLE, CHIEF OF | ) |
| WINTERVILLE POLICE BILLY WILKES, | ) |
| in his individual and official capacity, and | ) |
| OFFICER HIGNITE, in his individual and | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the defendants' Motion to Amend and Renewed Motion to Dismiss [DE-20]. For the reasons set forth herein, the motion is ALLOWED IN PART and DENIED IN PART.

I. **PROCEDURAL AND FACTUAL HISTORY**

On April 10, 2014, Plaintiff Lukisha Pittman filed suit against the defendants for various claims arising out of an April 10, 2011 incident where Ms. Pittman was arrested by Defendant Officer Hignite. *Id.* at 2. On May 12, 2014, the defendants removed the matter to this court pursuant to 28 U.S.C. § 1441. *See* Notice of Removal [DE-1]. Over four months later, on September 15, 2014, the defendants filed a motion to dismiss based primarily on the plaintiff's failure to serve process on Defendants Chief Wilkes and Officer Hignite and improper service on Defendant Town of Winterville. *See* Motions to Dismiss [DE-9] at 2. The court denied the motion, and allowed the plaintiff an extension of time to rectify the lack of proper service of

process. *See* Order of June 3, 2015 [DE-19]. That time has now passed. The defendants have renewed their motion to dismiss and have also moved to amend the court's previous order to time bar the claims against Officer Hignite.

## II. DISCUSSION

As laid out in the court's previous Order of June 3, 2015, "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process (or waiver of service) is ordinarily required for courts to exercise jurisdiction over named defendants. *Id.* Indeed, Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule also mandates extending the time for service if the plaintiff shows "good cause for the failure." *Id.*

The plaintiff never argued that service was properly effectuated. However, the court chose to deny the motion to dismiss as Rule 4(m) also permits an extension of time to effectuate service is allowed by Rule 4(m) as an alternative to dismissing suit without prejudice. *See* Order of June 3, 2015 [DE-19] at 3; *see also* Fed. R. Civ. P. 4(m). The court allowed the plaintiff an extension of time to remedy her defective service. Despite that allowance, the plaintiff has failed to act.[1] Therefore, the Motion to Amend and Renewed Motion to Dismiss [DE-20] is ALLOWED IN PART,[2] and the Complaint [DE-1-1] is DISMISSED WITH PREJUDICE. The

---

[1] The court notes its disappointment that the plaintiff has waited for the defendants and the court to take action to close this case instead of voluntarily dismissing this action when she chose not to remedy the defective service of process as allowed by the court.

[2] The court sees no reason to amend its previous order as it now dismisses the claims against Officer Hignite. Insofar as the Motion to Amend and Renewed Motion to Dismiss [DE-20] requests such an amendment, the motion is DENIED IN PART.

2

court has reviewed the complaint and the applicable statutes of limitations in this case, *see* N.C. Gen. Stat § 1-52, and finds that any amendment to the Complaint would be futile. Therefore, dismissal with prejudice is warranted. *See McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009).

## III. CONCLUSION

The defendants' Motion to Amend and Renewed Motion to Dismiss [DE-20] is ALLOWED IN PART and DENIED IN PART. The Complaint [DE-1-1] is DISMISSED WITH PREJUDICE. The court will not, however, amend its Order of June 3, 2015 [DE-19]. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the _5_ day of October, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge